UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


IN RE:

TRACY DIANE HELMS

     Debtor

_____


W. CLARKSON MCDOW, JR.,
United States Trustee, Region Four,

                                        Civil Action No. 2:11-0249

     Plaintiff,                   Bankruptcy No. 08-20027

                                        Adversary No.  08-2026

v.

TRACY DIANE HELMS,


     Defendant.


Interested Party
and Appellant:    George Wilson, M.D.


<u>MEMORANDUM OPINION AND ORDER</u>


        On February 1, 2011, the United States Bankruptcy Court entered its findings of fact and conclusions of law ("findings and conclusions").  The findings and conclusions discharged all obligations by debtor to George Wilson, M.D.  Neither the docket nor the findings and conclusions reflect that appellant George Wilson, M.D., was a party to the adversary proceeding.

Nevertheless, on February 15, 2011, Dr. Wilson noticed his appeal of the findings and conclusions. The same day, Dr. Wilson moved to intervene in the adversary proceeding, stating as follows:

> 1. That the Adversary Proceeding was filed by the Office of the U.S. Trustee in an attempt to deny discharge to the Debtor, in its entirety;
>
> 2. That while George B. Wilson, M.D. was not a party to the Adversary Proceeding, the Order entered by the Honorable Ronald G. Pearson, is a targeted Order which had the effect of carving out the interest of George B. Wilson, M.D. and treating in a manner which is diametrically opposed to the manner in which every other creditor was treated;
>
> 3. That the Order of the Court had the effect of making George B. Wilson, M.D. the true party in interest without making him a party to the Adversary Proceeding;
>
> 4. That denying George B. Wilson, M.D. the ability to intervene in this Adversary Proceeding would be tantamount to deny George B. Wilson, M.D. due process.

(Mot. to Interv. at 1-2). On February 18, 2011, the debtor objected, noting the intervention request was untimely.

On February 25, 2011, the bankruptcy court entered the following order:

> This matter comes before the Court on the motion of Dr. George B. Wilson to intervene. The matter is currently pending before the District Court on Dr. Wilson's appeal from this Court's findings of fact and conclusions of law. Accordingly, the Court finds that the District Court is the proper authority to determine if Dr. Wilson may intervene to prosecute an appeal of

> the Court's order. Therefore, the Court shall abstain
> from ruling on the motion to intervene.

(Ord. at 1). On April 14, 2011, the undersigned judge was assigned Dr. Wilson's appeal.

The bankruptcy court convened a trial in this adversary proceeding on June 15, 2010. It is thus familiar with the trustee's complaint to deny discharge and the proceedings thereon. Those proceedings included testimony by Dr. Wilson. The bankruptcy court is thus better positioned to adjudicate the merits of Dr. Wilson's motion to intervene in the first instance. This is especially so in the event that the taking of evidence becomes necessary.

The court, accordingly, ORDERS that this appeal of the findings and conclusions on which no judgment order is shown as having been entered be, and it hereby is, dismissed without prejudice. It is further ORDERED that this action be, and it hereby is, remanded to the bankruptcy court for further proceedings not inconsistent with this order.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and to the Honorable Ronald G. Pearson, United States Bankruptcy Judge.

DATED: April 18, 2011

John T. Copenhaver, Jr.
United States District Judge

3